*Tye, Peeples & Jordan* and *R. J. & J. McCamy,* for defendant.

WESTERN & ATLANTIC RAILROAD COMPANY *v.* KINNAMON.

PER CURIAM. 1. The court charged the jury as follows: "If the jury should find from the evidence that the defendant duly issued and promulgated a rule requiring firemen upon an engine to call attention of the engineer that he was about to violate an order for the running of his engine, yet if it should further appear from the evidence that the principal duty of the fireman [was] to maintain fires and keep up steam on his engine, and that while necessarily and actually engaged in the performance of the latter duty he as a consequence thereof momentarily became oblivious and forgetful of the former duty, and for that reason, and not from carelessness, failed to inform the engineer that he was about to violate such order, his mere failure to perform such duty and so inform the engineer would not necessarily preclude a recovery, even though the fireman should have been injured in consequence of the failure of the engineer to observe such orders." *Held,* that there was no evidence to authorize the charge in regard to the fireman, while in the performance of his principal duty of keeping up steam, and in consequence thereof, being momentarily oblivious and forgetful of the other duty referred to in the charge.

2. The court further charged as follows: "If the jury should find from the evidence that it was the duty of the deceased, Kinnamon, to read or have read the orders for the running of the train and to assist the engineer in obeying them by calling his attention thereto or otherwise, and you find that he failed to perform his duty in this regard and thereby contributed to the collision in which he was killed, then the plaintiff can

not recover, unless you find that at the time of the injury he was rendered oblivious or otherwise incapable of exercising his information as to the orders, or as to the engineer's failure to observe the orders, on account of the engrossing character of the work in hand or other excusing circumstances brought about by proper attention to duty and not by his own carelessness." Held, that there was no evidence to authorize that portion of the charge wherein the court referred to the fireman's being "rendered oblivious or otherwise incapable of exercising his information" as to the orders or as to the engineer's failure to observe the orders on account of the engrossing character of the work in hand or other excusing circumstances brought about by proper attention to duty.

3. As it has been held that the charges stated in the preceding headnotes were not applicable to the case made by the evidence, it is unnecessary to determine whether or not they state correct rules of law when abstractly considered.

4. There were other grounds contained in the motion for new trial, but some of them were not referred to in the brief of counsel for plaintiff in error, and others are not such as relate to matters likely to occur on another trial, or as to require special attention.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, Atkinson, J., disqualified, and*

BECK, J., dissenting. Being of the opinion that the charge complained of was authorized by the evidence, and that it was adapted to that portion of the evidence to which it relates, I dissent from the opinion of the majority of the court.

MARCH 3, 1910.

Action for damages.     Before Judge Fite.     Catoosa superior court.     March 3, 1910.

*Tye, Peeples & Jordan* and *R. J. & J. McCamy,* for plaintiff in error.     *Atkinson & Born,* contra.